ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHARLES N. BENDES, ESQ. (Bar No. 70126)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1999 Harrison Street, Suite 2675
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669

Proposed Attorneys for A.G. Ferrari Foods, Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>A.G. FERRARI FOODS,<br><br>                        Debtor. | Case No. 11-43327 EDJ<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ORDER THAT COMMITTEE OF CREDITORS NOT BE APPOINTED PURSUANT TO 11 U.S.C. § 1102(a)(3)**<br><br>Date: May 5, 2011<br>Time: 2:30 p.m.<br>Ctrm: 215<br>      U.S. Bankruptcy Court<br>      1300 Clay Street<br>      Oakland, California |

## I. INTRODUCTION

A.G. Ferrari Foods, the debtor and debtor-in-possession in the above-captioned Chapter 11 reorganization case (collectively the "Debtor"), under the Chapter 11 of the Bankruptcy Code which was filed on March 28, 2011, hereby submits this Motion for an order that committee of creditors not be appointed pursuant to 11 U.S.C. § 1102(a)(3) (the "Motion").

This Motion is based on the Memorandum of Points and Authorities set forth herein, the Notice of Hearing, and the Declaration of Patricia T. Saucy filed concurrently herewith and incorporated herein by reference, the pleadings and papers on file herein, and upon such oral and

Motion for Order that Committee of Creditors Not be Appointed    -1-

documentary evidence as may be presented at the hearing on the Motion.

## II. FACTS

The Debtor is A.G. Ferrari Foods is an Italian specialty food retailer that also sells its foods through its Wholesale and Internet channels. It began in 1919 with the CEO's grandfather, Annibale Giovanni Ferrari. It has developed over many years and sells fresh and dry Italian products. It direct imports from Italy a substantial amount of the dry goods that it sells in all channels. It currently operates 13 of its own stores in the San Francisco Bay Area. It also operates a Commissary in San Leandro, CA where it handles its fresh food production, and catering, as well as housing its warehousing and administrative functions. The Debtor also transacts business through it website. The company currently employs approximately 145 employees.

The Debtor has approximately $1,733,063 in unsecured debt exclusive of any insider debt. It owes secured creditor Bridge Bank ("Bridge") $136,218.42 as of the filing date. Bridge has a blanket lien on the Debtor's assets. The Debtor estimates that as of the petition date, it has approximately $1.2 million of inventory (at cost), accounts receivables of approximately $120,000 and equipment valued at approximately $1.2 million

The Debtor believes that this case is a "small business case" as defined in 11 U.S.C. § 101 (51C) because the debtor is a "small business debtor" under 11 U.S.C. § 101 (51D).

## III. LEGAL ARGUMENT

11 U.S.C. § 1102(a)(3) provides that "[o]n request of a party in interest in a case in which the Debtor is a small business debtor and for cause, the court may order that a committee of creditors not be appointed." Here the Debtor qualifies as a small business Debtor within in the meaning of 11 U.S.C. § 101 (51D) since it is engaged in business activities and had aggregate noncontingent, liquidated secured and unsecured dates as of the Petition Date of less than $2,343,300. The Debtor maintains that cause exists for not appointing a committee of unsecured creditors in this case for the following reasons: (1) this is a small business case and the Debtor's margins are small, and the Debtor's estate should not be disproportionately burdened with the administrative costs of a committee (which it can ill afford) and the individual creditors are fully capable of protecting their own interests if they choose to do so; (2) the Debtor has been actively

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

in contact with the prospective purchasers and/or investors and to burden the estate associated with the extra costs of a committee could impair the Debtor's ability to negotiate either a sale of the business or an investment into the Debtor which will provide the best return to its creditors. Based upon the foregoing, the Debtor maintains that cause exists for not appointing a committee of creditors in this case.

## IV. CONCLUSION

WHEREFORE, A.G. Ferrari respectfully requests that the Court:

1. Grant the Motion and enter an Order that a committee of creditors not be appointed herein; and

2. Grant such other and further relief as the Court deems just and proper

Dated: March 29, 2011                    Kornfield, Nyberg, Bendes & Kuhner, P.C.

By: /s/ Eric A. Nyberg
    (Bar No. 131105)
    Proposed Attorneys for A.G. Ferrari Foods, Debtor

**Kornfield, Nyberg, Bendes & Kuhner, P.C.**
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669