William C. Lewis, Esq., Bar No. 77193
Rebecca L. Epstein, Esq., Bar No. 168226
LAW OFFICES OF WILLIAM C. LEWIS
510 Waverley Street
Palo Alto, CA 94301-2009
Telephone: (650) 322-3300
Facsimile: (650) 327-9720

Attorneys for Creditor Thoits Bros., Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

A.G. FERRARI FOODS

        Debtor.

Case No.: 11-43327

Chapter 11

OPPOSITION TO DEBTOR'S MOTION THAT COMMITTEE OF CREDITORS NOT BE APPOINTED PURSUANT TO 11 U.S.C. § 1102(a)(3)

Date: May 5, 2011
Time: 2:30 p.m.
Ctrm: 215
      U.S. Bankruptcy Court
      1300 Clay Street
      Oakland, California

I.    INTRODUCTION

     Creditor Thoits Bros., Inc. ("Thoits") is currently scheduled by A.G. Ferrari Foods ("Debtor") as its eighth largest non-insider, unsecured claim. Debtor's lease with Thoits is also included in Debtor's pending motion to reject leases, and if granted, Thoits' claims will be even larger. Thoits has already returned its form to the United States Trustee indicating that it is

OPPOSITION TO DEBTOR'S MOTION TO NOT APPOINT COMMITTEE OF CREDITORS    -1-

willing to serve on a Creditors' Committee in this case.

Thoits opposes Debtor's Motion for Order that Committee of Creditors Not Be Appointed Pursuant to 11 § U.S.C. 1102(a)(3) (the "Motion") because this is a case where committee oversight is needed and Debtor has not made a sufficient showing otherwise.

## II. ARGUMENT

### A. Debtor Fails to Show that a Committee Would be an Undue Burden

Small business debtors are required to show "cause" in support of a request to not have a committee. See 11 U.S.C. 1102(a)(3). Debtor makes only two vague and unsubstantiated assertions in support of a showing of "cause": first, the committee will cost the estate money and second, a committee "could impair" the Debtor's ability to sell its business. Other than the general and conclusory statements about the Debtor's estate being "disproportionately burdened with the administrative costs of a committee," Debtor has introduced no evidence to support this argument. There is absolutely no financial data included with Debtor's Motion and no attempt made to explain with any specificity how the additional costs incurred by a creditors' committee might negatively impact Debtor's ability to reorganize. This makes Debtor's Motion fatally deficient:

> Furthermore, the mere fact that a creditors' committee, if appointed, may translate into additional costs to the Debtor's estate does not justify dispensing with the committee. Indeed, the truism that the appointment of a creditors' committee may result in additional costs to the debtor could be advanced by every small business debtor seeking relief under § 1102(a)(3). Had Congress' sole concern in devising § 1102(a)(3) been to relieve small business debtors from the responsibility of paying for costs resulting from the appointment of a creditors' committee, it could have easily tailored the provision to effect

this result. Since Congress did not choose this route, we conclude that the "cause" requirement imposed in § 1102(a)(3) must require something more than a general assertion that the appointment of a creditors' committee may cost the Debtor money.

In re Haskell-Dawes, Inc., 188 B.R. 515, 520 (Bankr. E.D. Pa. 1995).

Moreover, Debtor has not satisfied the requirements of 11 U.S.C. § 1116(1) that it "append to the voluntary petition . . . its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return . . . .[or a statement that such documents have not been prepared or filed]." Debtor has, without any explanation, failed to satisfy this requirement, which raises a host of concerns, including that it cannot substantiate its conclusory allegations that a committee will "disproportionately burden" the estate and that it is not being sufficiently mindful of the requirements of a small business debtor.

### B.  Committee Oversight is Justified in this Case

Debtor's schedules show that it is solvent and the vast majority of its assets (almost $3 million) consists of equipment, fixtures, food products, and dry goods. The valuation of assets in these categories can vary dramatically depending on whether the assets are liquidated or part of a going concern, and these are the type of issues for which a committee could add value by way of the formulation of a consensual plan. It also appears that the vast majority of Debtor's unsecured debt is to insiders. Committee oversight is needed to protect the interests of non-insider unsecureds and to provide an opportunity for this group to have meaningful oversight with regard to the $3 million in assets. This group should not have to rely on individual creditors being

willing to bear their own expenses for this oversight.

It's also not at all clear why a committee would not be beneficial rather than an alleged impediment to the sale of the business and plan of reorganization. Debtor is simply "ignor[ing] the benefits which a creditors' committee could provide . . . in identifying any obstacles which exist to confirmation, in negotiating resolutions to such obstacles and, and possibly, in ultimately effecting a consensual plan." In re Haskell-Dawes, Inc., 188 B.R. 515, 521 (Bankr. E.D. Pa. 1995).

### C. The Unsecured Creditors' Committee Acceptance/Rejection Form Should Be Re-Issued

Thoits returned its Unsecured Creditors' Committee Acceptance Form ("Committee Form"), a true and correct copy of which is attached hereto as Exhibit "A." Debtor's Motion potentially discouraged others from doing the same, and Thoits requests that if the Motion is denied, the Committee Form then be re-issued to determine if there are additional parties in interest to serve on the committee.

## III. CONCLUSION

Debtor has offered two conclusory and unpersuasive reasons for why a committee should not be appointed. It has therefore not met its burden under 11 U.S.C. 1102(a)(3) and the Motion should be denied with the Committee Form being mailed again to the case's largest 20 unsecured creditors.

DATED: April 27, 2011           LAW OFFICES OF WILLIAM C. LEWIS

                                BY:   /s/ William C. Lewis
                                      William C. Lewis

                                Attorneys for Creditor Thoits Bros., Inc.

OPPOSITION TO DEBTOR'S MOTION TO NOT APPOINT COMMITTEE OF CREDITORS     -4-

Case: 11-43327    Doc# 60    Filed: 04/27/11    Entered: 04/27/11 14:38:32    Page 4 of 4