ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHARLES N. BENDES, ESQ. (Bar No. 70126)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669

Attorneys for A.G. Ferrari Foods, Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>A.G. FERRARI FOODS,<br><br>                    Debtor. | Case No. 11-43327 EDJ<br><br>Chapter 11<br><br>**DEBTOR'S RESPONSE TO OPPOSITION TO DEBTOR'S MOTION THAT COMMITTEE OF CREDITORS NOT BE APPOINTED PURSUANT TO 11 U.S.C. § 1102(a)(3)**<br><br>Date: May 5, 2011<br>Time: 2:30 P.M.<br>Ctrm: 215<br>      U.S. Bankruptcy Court<br>      1300 Clay Street<br>      Oakland, California |

      A.G. Ferrari Foods, the Debtor and the Debtor-In-Possession in the above-captioned Chapter 11 bankruptcy case submits the following response to the Opposition to Debtor's Motion That Committee of Creditors Not Be Appointed Pursuant to 11 U.S.C. § 1102(a)(3) which has been filed on behalf of Thoits Bros., Inc ("Thoits").

      Thoits argues that the Debtor has not provided any evidence to support its assertion that the there will be additional expense and burden associated with appointment of Committee.

///

1. First, it is fairly well documented that a Creditors Committee will add an additional layer of administrative expense in any case in which a committee is appointed.

2. Second, the Debtor had timely filed its schedules prior to the Opposition being filed by Thoits and it is somewhat disingenuous for Thoits to argue that it has no financial information available to it to gauge the Debtor's assertion that adding the cost of the Creditors Committee would a create a financial burden for the Debtor.

3. Third, the Debtor has submitted in response to the Opposition, its most recent Balance Sheet, Statement of Operations, Cash Flow Statement, and Federal Income Tax Return. Copies of each of the aforementioned documents are attached to the Declaration of Patricia T. Saucy filed herewith.

Thoits also asserts that committee oversight is justified in this case. Thoits merely asserts a conclusory statement that committee oversight is necessary. The Debtor does not believe that committee oversight would be of any great benefit to the estate. The Office of the U.S. Trustee has been involved in the case, the Debtor has been actively communicating with its creditors in response to any inquiries that they have. The Debtor has been in communication with all of its landlords and so it is a little bit difficult to understand just what a committee would bring to the table.

Further, what Thoits does not indicate, is that Thoits would most likely attempt to hire the same attorneys which have filed the Opposition to the Debtor's Motion. This seems to indicate that Thoits is interested in being an active creditor in the Debtor's bankruptcy case but would like to spread that cost over all of the creditor body. This fact is further supported by the fact that Thoits did not bother to attend the Meeting of Creditors either in person or through counsel.

There is no reason for the creditors committee acceptance form to be reissued. The Notice went out and creditors have been afforded an opportunity to respond to it. In fact, the fact that as Thoits points out three creditors have responded, clearly counters Thoits weak argument that the Debtor in exercising the rights afforded to it under the code, has somehow discouraged creditors from responding to the creditors committee acceptance form.

WHEREFORE, it is respectfully asserted that at this juncture of the case, the Court should enter an Order that no creditors committee be appointed in the case.

Dated: May 2, 2011                          Kornfield, Nyberg, Bendes & Kuhner, P.C.

By:/s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for A.G. Ferrari Foods, Debtor

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Debtor's Response to Opposition to Debtor's Motion That Committee of Creditors Not Be Appointed    -3-

Case: 11-43327    Doc# 65    Filed: 05/02/11    Entered: 05/02/11 17:44:32    Page 3 of 4

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1999 Harrison Street, Suite 2675, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 2, 2011, I served the following document(s):

**DEBTOR'S RESPONSE TO OPPOSITION TO DEBTOR'S MOTION THAT COMMITTEE OF CREDITORS NOT BE APPOINTED PURSUANT TO 11 U.S.C. § 1102(a)(3); AND**

**DECLARATION OF PATRICIA T. SAUCY IN SUPPORT OF DEBTOR'S RESPONSE TO OPPOSITION TO DEBTOR'S MOTION THAT COMMITTEE OF CREDITORS NOT BE APPOINTED PURSUANT TO 11 U.S.C. § 1102(a)(3)**

by placing copies of said document(s) in sealed envelope(s) and served in the manner or manners described below addressed as follows:

| | |
|---|---|
| U.S. Trustee<br>1301 Clay Street, Suite 690N<br>Oakland, CA 94612-5202 | William C. Lewis, Esq.<br>Law Offices of William C. Lewis<br>510 Waverly Street<br>Palo Alto, CA 94301-2009 |

I placed such envelope(s) for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee(s) designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of May, 2011 at Oakland, California.

/s/ Gail A. Michael