Stephen J. Kottmeier (State Bar No. 077060)
Michaeline H. Correa (State Bar No. 215215)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, California 95113-2406
*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Secured Creditor
BRIDGE BANK

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>A.G. FERRARI FOODS<br><br>               Debtor. | Case No. 11-43327<br><br>Chapter 11<br><br>**CONDITIONAL OBJECTION TO MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING, GRANTING SECURITY INTERESTS AND SUPERPRIORITY CLAIMS, AND PROVIDING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§105, 361 & 364(C)**<br><br><u>Hearing</u><br>Date: August 19, 2011<br>Time: 11:30 a.m.<br>Place: U.S. Bankruptcy Court<br>        1300 Clay Street<br>        Oakland, CA<br>        Courtroom 201<br>Judge: Hon. Edward Jellen |

**INTRODUCTION**

Creditor Bridge Bank, N.A. ("Bridge Bank") hereby files this conditional objection to the motion of debtor and debtor-in-possession A.G. Ferrari Foods ("Debtor") for order authorizing, among other things, post-petition financing (the "Motion") on the ground that the

728\867319.1
CONDITIONAL OBJECTION TO MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING, GRANTING SECURITY INTERESTS AND SUPERPRIORITY CLAIMS, AND PROVIDING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§105, 361 & 364(C); Case No. 11-43327

Case: 11-43327    Doc# 155    Filed: 08/17/11    Entered: 08/17/11 13:56:17    Page 1 of 2

relief requested in the Motion should not be granted or effective unless and until proposed lender, Renovo Capital, LLC, executes a subordination agreement to affirm that it is or will be in a subordinate position to Bridge Bank.

**BASIS FOR CONDITIONAL OBJECTION**

Bridge Bank is the Debtor's primary secured creditor, holding a senior secured claim in excess of $100,000. As set forth in the Motion, the Debtor and Renovo have executed a term sheet by which the Debtor intends to sell its assets to Renovo for cash and assumption of certain liabilities by Renovo. To fund its post-petition business operations and administrative expenses pending the completion of the sale of its assets, the Debtor is seeking to borrow up to $353,000 from Renovo on a superpriority basis. Although the Motion describes that Bridge Bank shall retain its secured priority status as a result of its existing lien(s) (see Motion, 4:19 – 5: 8), Bridge Bank believes that its priority position should further be preserved and protected by requiring Renovo to execute a standard form of subordination agreement prior to or at the closing of the financing transaction, as is typically done in senior lending transactions such as this one here.

**CONCLUSION**

Based upon the foregoing, Bridge Bank respectfully requests that this Court condition the approval of the post-petition financing Motion on Renovo's execution of a typical form of subordination agreement in favor of Bridge Bank. Absent Renovo's execution of a subordination agreement, the Motion should be denied.

Dated: August 17, 2011

HOPKINS & CARLEY,
A Law Corporation

By: /s/ Michaeline H. Correa
Stephen J. Kottmeier
Michaeline H. Correa
Attorneys for Secured Creditor
Bridge Bank

728\867319.1
-2-
728\867319.1
CONDITIONAL OBJECTION TO MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING, GRANTING SECURITY INTERESTS AND SUPERPRIORITY CLAIMS, AND PROVIDING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§105, 361 & 364(c); Case No. 11-43327

Case: 11-43327    Doc# 155    Filed: 08/17/11    Entered: 08/17/11 13:56:17    Page 2 of 2